**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony Bruce JOHNSON, Defendant–Appellant.**

**No. 88–5373.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted October 31, 1989.

Decided April 30, 1990.

As Amended June 6, 1990.

Paul L. Abrams, Asst. Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Steven E. Zipperstein, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HUG and CANBY, Circuit Judges, and EZRA,* District Judge.

DAVID A. EZRA, District Judge:

Anthony Bruce Johnson ("Johnson") appeals his conviction, following a jury trial, for possession with intent to distribute one kilogram of cocaine in violation of 21 U.S.C. § 841(a)(1). He contends that the district court erred in denying his motion to suppress. He also contends that the district court erred in granting the government's motion to require him to try on certain clothing if he testified.

## I. *Background*

On January 6, 1988, the date of Johnson's arrest, Special Agent Woessner ("Woessner") of the United States Drug Enforcement Administration ("DEA") and Detective Sullivan ("Sullivan") of the Los Angeles Police Department were on routine surveillance duty at Los Angeles International Airport ("LAX"). After observing Johnson for a short period of time standing in a ticket line, the officers were of the opinion based upon their observations of him that he might be involved in ongoing narcotic/courier activity. Woessner testified that Johnson appeared to be travelling alone, was sweating and "looking around in a nervous fashion as if to evade detection" and looked directly at the officers numerous times. The officers approached Johnson, identified themselves, and asked him some questions. Sullivan told Johnson that he was free to leave and Johnson indicated that he understood.

After asking Johnson several questions, Sullivan sought Johnson's permission to search the carry-on bag which was on the floor next to where he was standing. Although Johnson denied ownership of the bag and its contents, he consented to its search and the officers found various articles of clothing and approximately one kilogram of cocaine in the bag. Woessner then placed Johnson under arrest.

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Prior to trial, the district court denied Johnson's motion to suppress evidence of the cocaine found in the carry-on bag after hearing conflicting testimony with respect to the circumstances surrounding the airport encounter. The district court found that Johnson had not been unlawfully seized in violation of his fourth amendment rights.

Johnson testified in his first trial which resulted in a hung jury. At that trial, the government did not seek to introduce into evidence any of the clothing found inside the carry-on bag which contained the cocaine.

Prior to the second trial, the government brought a motion in limine seeking permission to require Johnson to try on the pants, sweater and shoes found in the carry-on bag. The district court ruled that, in the event Johnson testified, the government would be permitted to have him try on or hold up the subject clothing during cross-examination.

Johnson chose not to testify at the second trial. He was convicted and appeals his conviction based on (1) the district court's denial of his motion to suppress evidence of the cocaine found in the carry-on bag; and (2) the district court's granting of the government's motion in limine to require him to try on or hold up clothing found in the carry-on bag if he testified.

## II. The Motion To Suppress

### A. Unlawful Seizure

The essential inquiry in determining whether the actions of the officers constituted a seizure is whether the person stopped reasonably believed that he or she was not free to leave. *United States v. Patino,* 649 F.2d 724, 726–727 (9th Cir. 1981). This determination will depend upon the facts and circumstances of each case. *Id.* at 728. The district court's finding of historical facts is reviewed under the clearly erroneous standard, but the ultimate determination of whether those facts amount to an unlawful seizure is a matter of law that we review *de novo. United States v. $25,000 United States Currency,* 853 F.2d 1501, 1504 (9th Cir.1988).

After hearing testimony from both of the arresting officers and Johnson, the district court found that Johnson was not physically restrained, he was informed he was free to leave, and he voluntarily answered the questions put to him by the officers.

While Johnson points to inconsistencies in the testimony of officers Sullivan and Woessner, the district court weighed these inconsistencies, judged the witnesses' credibility and made findings of fact which cannot be overturned by this court unless "clearly erroneous." An examination of the record indicates that while the testimony of the two officers may have differed slightly with respect to some of their observations of Johnson *before* they approached him, with respect to the circumstances surrounding the actual questioning of Johnson the facts testified to by both officers support the findings of the district court.

■ As the district court found, the officers approached Johnson, identified themselves, and told him they would like to ask him a few questions. One of the officers told Johnson he was free to leave and asked him if he understood that. Johnson agreed to speak with the officers and consented to a search of the carry-on bag. Considering that the encounter occurred in a public place, the officers did not touch Johnson or block his path, the officers told Johnson that he was free to leave, and Johnson responded that he understood, we conclude that the district court did not err in determining that Johnson was not "seized" for fourth amendment purposes. *See $25,000 United States Currency,* 853 F.2d at 1504–1505.

### B. Reasonable Suspicion

■ Once an encounter rises to a level such that an individual does not feel free to leave, it becomes a "seizure," and the investigating officer must therefore have reasonable suspicion to justify his actions. *U.S. v. Ayarza,* 874 F.2d 647, 650 (9th Cir.1989). Where there is no "seizure," however, the reasonable suspicion requirement of the fourth amendment does not

apply. *$25,000 United States Currency,* 853 F.2d at 1505, f.n. 3.

Having found that Johnson was not seized, we need not reach Johnson's argument that the investigating officers lacked reasonable suspicion.

### III. *The Clothing Issue*

■ Johnson argues that the district court deprived him of his constitutional right to testify on his own behalf by ruling that he could be required to try on or hold up the clothing which was found in the carry-on bag should he decide to take the stand and testify in his own defense. The government argues that Johnson has failed to preserve this issue for appeal because he failed to take the stand and subject himself to the clothing demonstration.

In *Luce v. United States,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), the Supreme Court held that a defendant must testify in order to preserve for review a claim of improper impeachment. *See also U.S. v. Bagley,* 837 F.2d 371, 376 (9th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 304, 102 L.Ed.2d 323 (1988); *U.S. v. Behanna,* 814 F.2d 1318, 1321 (9th Cir.1987). A trial court's decision to admit impeachment evidence under Rule 609, Fed.R.Evid., is not reviewable when the defendant does not testify because, among other things, the appellate court cannot determine from the record what possible harm flowed from such a ruling. *Luce,* 469 U.S. at 41–42, 105 S.Ct. at 463.

In *Luce,* the trial court balanced the probative value of a prior conviction against the prejudicial effect to the defendant and on appeal the Supreme Court held that "[t]o perform this balancing, the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify." *Id.* at 41, 105 S.Ct. at 463. The Supreme Court identified several problems

with review under such circumstances: the ruling would be subject to change depending on the defendant's testimony at trial; the reviewing court has no way of knowing how and if the government would have used the impeachment evidence; the reviewing court cannot assume that the defendant's decision not to testify was based on the adverse ruling; and the reviewing court has no way of determining whether the district court's *in limine* ruling was harmless error. *Id.* at 42, 105 S.Ct. at 463.

We find these same problems with review are present here. In the instant case, the district court held that the clothing demonstration would not be excluded under Rule 403, Fed.R.Evid. The district court weighed the probative value of the clothing demonstration against the prejudicial effect to Johnson, just as the trial court did in *Luce.* The district court did not explicitly predicate its ruling on the content of Johnson's testimony; however, it is clear that the clothing demonstration would have been used to rebut his anticipated denial of ownership of the carry-on bag which contained cocaine. On review, this court cannot determine the propriety of such ruling without knowing Johnson's testimony or the context of the clothing demonstration. We cannot determine whether the demonstration would have been more prejudicial than probative when it did not take place.[1]

The instant case is also similar to *Luce* in that Johnson was given a choice—to testify and have possibly damaging prejudicial evidence come in, or not to testify and keep the evidence out. Because Johnson did not even attempt to testify, he may not now challenge the ruling. *See Bagley,* 837 F.2d at 375 ("[t]o preserve an issue for review requires an offer of proof and the making of a record").

### IV. *Conclusion*

We conclude that the district court's finding that Johnson was not "seized" for pur-

---

**1.** We do not reach the question whether in all circumstances a decision to allow a clothing demonstration would be unreviewable absent the defendant's taking the stand. It might be argued that requiring such a demonstration may chill the exercise of the defendant's constitutional right to testify, not because it violates Rule 403 in being more prejudicial than probative, but because a defendant may reasonably refuse to wear the clothing in the presence of the jury in a formal courtroom setting. This argument might be made if the subject clothing consists of undergarments.

poses of the fourth amendment was not error, therefore reasonable suspicion was not required. Furthermore, we find that Johnson, by not testifying, waived his right under the circumstances of this case to assert on appeal his claim that the district court deprived him of his constitutional right to testify.

AFFIRMED.