944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George Ervin COLEY, Defendant-Appellant.
 No. 90-50396.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 1, 1991.*
Decided Sept. 23, 1991.
 
 Before EUGENE A. WRIGHT, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Ervin Coley appeals his conviction, following a conditional guilty plea, for possession with intent to distribute phencyclidine in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 3
 Coley contends that he was seized in violation of the Fourth Amendment when police initially approached and questioned him at a Greyhound bus terminal without having reasonable suspicion of any unlawful activity. However, the district court found that Coley consented to the encounter and, therefore, he suffered no illegal seizure. See Florida v. Royer, 460 U.S. 491, 497 (1983); United States v. Johnson, 903 F.2d 1219, 1221 (9th Cir.), cert. denied, 111 S.Ct. 520 (1990).
 
 
 4
 "[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions." Royer, 460 U.S. at 497. "[T]he Fourth Amendment permits police officers to approach individuals at random in airport lobbies and other public places to ask them questions and to request consent to search their luggage, so long as a reasonable person would understand that he or she could refuse to cooperate." Florida v. Bostick, 111 S.Ct. 2382, 2384 (1991), 59 U.S.L.W. 4708, 4709 (U.S. June 20, 1991). "The essential inquiry in determining whether the actions of the officers constituted a seizure is whether the person stopped reasonably believed that he or she was not free to leave." Johnson, 903 F.2d at 1221.
 
 
 5
 The evidence introduced at the suppression hearing included the declarations and live testimony of the two police officers who arrested Coley, and demonstrated that the relevant facts fell within permissible inquiry by police officers. What followed thereafter was correct procedure when officers find a person providing false and inconsistent information.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3