948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco J. CUELLAR, Defendant-Appellant.
 No. 90-50541.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 10, 1991.*
Decided Dec. 2, 1991.
 
 Before KILKENNY, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco J. Cuellar appeals from his conviction following a conditional guilty plea to one count of possession with intent to distribute cocaine. 21 U.S.C. § 841(a)(1). Cuellar contends that the district court erred by denying his motion to suppress evidence discovered pursuant to an allegedly nonconsensual search of his suitcase. We affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 Plainclothes police detectives on the lookout for narcotics couriers approached Cuellar in a Los Angeles bus depot and asked to search his suitcase. They did not threaten Cuellar, and told him that he was free to leave. Cuellar consented to the search. Upon finding approximately one kilogram of cocaine in the suitcase, the detectives arrested Cuellar. Cuellar was given a Miranda warning and made incriminating statements.
 
 
 4
 Cuellar moved to suppress the evidence of the seized cocaine and the statements. At the hearing on the suppression motion, Cuellar disputed the detectives' version of the facts, asserting that he had flatly refused to let the detectives search his suitcase and that the detectives had nonetheless grabbed the suitcase and searched it. On cross-examination, however, Cuellar admitted that he had agreed to answer the detectives' questions, that they had told him he was free to leave, and that they did not threaten or physically restrain him. The district court found that Cuellar had voluntarily consented to the search of his luggage. It denied Cuellar's motion to suppress, whereupon Cuellar entered a conditional plea of guilty, reserving his right to appeal the district court's adverse ruling.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 5
 We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's findings of fact for clear error, and review de novo whether the facts found amount to unlawful seizure. United States v. Johnson, 903 F.2d 1219, 1221 (9th Cir.), cert. denied, 111 S.Ct. 520 (1990).
 
 III.
 ANALYSIS
 
 6
 Cuellar maintains that he did not consent to have his suitcase searched. The district court found otherwise. As an appellate court, we must give deference to a trial court's observations of witness demeanor and its findings of fact based thereon. We cannot say that the district court's finding of consent was clearly erroneous.
 
 
 7
 Alternatively, Cuellar urges that his consent was given involuntarily as a result of his initial illegal seizure by the police. We cannot agree. Given the detectives's nonthreatening behavior, a reasonable person in Cuellar's position would have felt free to leave. We hold that no seizure took place as a matter of law. Johnson, 903 F.2d at 1221. The district court properly denied Cuellar's motion to suppress.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3