952 F.2d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Anthony BRUNEAU, Defendant-Appellant.
 No. 90-50578.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 3, 1991.
Decided Jan. 6, 1992.
 
 Before JAMES R. BROWNING, BOOCHEVER and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Anthony Bruneau appeals from the district court's denial of his motion to suppress evidence based upon an unreasonable search and seizure. Bruneau pled guilty to possession of cocaine with intent to distribute, but reserved the right to appeal his conviction and withdraw his guilty plea if he were to prevail on appeal.
 
 
 3
 We generally review motions to suppress evidence de novo. See United States v. Thomas, 863 F.2d 622, 625 (9th Cir.1988). If the motion to suppress involves mixed questions of law and fact, we review the legal issues de novo, see United States v. Low, 887 F.2d 232, 234 (9th Cir.1989), and the factual findings for clear error. See id.; United States v. Feldman, 788 F.2d 544, 550 (9th Cir.1986), cert. denied, 479 U.S. 1067 (1987).
 
 
 4
 The first issue is whether Bruneau was seized unconstitutionally when Detectives Nelson and Fitzsimmons approached him in the public area of the train station, asked him if he was willing to answer some questions, and questioned him. A person is not seized for purposes of the Fourth Amendment unless "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 554 (1980). Bruneau's claim is almost identical to the one rejected in United States v. Johnson, 903 F.2d 1219 (9th Cir.), cert. denied, 111 S.Ct. 520 (1990). In that case, detectives on routine surveillance at Los Angeles International Airport observed a defendant who appeared to be sweating and looking around in a nervous fashion. The officers approached the defendant, identified themselves, told him that he was free to leave, and asked him some questions. We held that the defendant was not "seized" at the time the questioning began because "the encounter occurred in a public place, the officers did not touch Johnson or block his path, the officers told Johnson that he was free to leave, and Johnson responded that he understood...." Id. at 1221.
 
 
 5
 Bruneau asserts that Johnson is distinguishable because Detective Nelson blocked his path when he and Breikjern attempted to head in opposite directions. However, Detective Fitzsimmons testified that at no time did she see Detective Nelson step in front of Bruneau, and the district court found her testimony to be far more credible than Breikjern's. The district court's conclusion that the detectives did not block Bruneau's path was based upon its determination regarding the credibility of the witnesses. We give "great deference ... to the trial court's findings" in this regard, United States v. Sealey, 830 F.2d 1028, 1032 (9th Cir.1987), and cannot say that they were clearly erroneous. Accordingly, we must uphold the district court's finding that Bruneau was not unconstitutionally seized when Detectives Nelson and Fitzsimmons initially questioned him in the public area of the train station.
 
 
 6
 The next issue is whether Bruneau's bag was "patted-down" unconstitutionally. The patdown of Bruneau's bag for weapons (and the resulting discovery of a "hard, brick-like object") was constitutional only if incident to a lawful frisk. See United States v. Vaughan, 718 F.2d 332, 335 (9th Cir.1983). That frisk in turn was constitutional only if the officers possessed a reasonable, articulable suspicion that Bruneau had recently committed, was committing, or was about to commit a crime and carried a weapon. See United States v. Erwin, 803 F.2d 1505, 1508 (9th Cir.1986); United States v. Post, 607 F.2d 847, 851 (9th Cir.1979).
 
 
 7
 In United States v. Sokolow, 490 U.S. 1 (1989), the Supreme Court found reasonable suspicion sufficient to justify a patdown search when agents knew that a suspect (1) paid $2,100 for two airline tickets from a roll of $20 bills; (2) appeared to be travelling under an assumed name; (3) was going to a city which was known to be a source for drugs; (4) scheduled an inordinately short stay at his destination; (5) appeared nervous during his trip; and (6) checked none of his luggage. At the time of the patdown of Bruneau and his bag, Detectives Nelson and Fitzsimmons knew that he (1) appeared to be watching the passenger entrance intensely, as if checking for surveillance; (2) was sweaty and nervous; (3) attempted to avoid detection by walking in a circuitous path to the end of the train station and crouching down on a bench; (4) lied about travelling with and knowing Breikjern; (5) carried a ticket which did not match his identification and was in the same name as Breikjern's; and (6) was travelling on a route on which several passengers had been arrested during previous weeks for carrying drugs. These facts, taken as a whole, are sufficient to support a reasonable suspicion of criminal activity. Because "[i]t is not unreasonable to suspect that a dealer in narcotics might be armed," Post, 607 F.2d at 851, the patdown of Bruneau and his bag was permissible.
 
 
 8
 The final issue is whether Bruneau was unconstitutionally seized when Detectives Nelson and Fitzsimmons took him back to the Amtrak Police Station. Unlike the patdown in the public area of the train station, this seizure required not only reasonable suspicion of criminal activity, but probable cause for arrest as well. See Hayes v. Florida, 470 U.S. 811, 816 (1985); see also Dunaway v. New York, 442 U.S. 200, 211-13 (1979) (requiring probable cause when defendant was brought to police station, taken into an interrogation room and questioned); United States v. Ricardo D., 912 F.2d 337, 340 (9th Cir.1990) (noting the "narrow scope of the Terry exception--an exception based on a brief, street encounter between police and a suspect" and warning against "allowing the ' "exception" ... to swallow the general rule that Fourth Amendment seizures are "reasonable" only if based on probable cause' ") (citation omitted). Probable cause exists "where 'the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Draper v. United States, 358 U.S. 307, 313 (1959) (quoting Carroll v. United States, 267 U.S. 132, 162 (1925)).
 
 
 9
 By the time the detectives took Bruneau to the Amtrak Police Station, they had found small quantities of drugs in Breikjern's possession and had felt a hard, brick-like object in Bruneau's bag which Detective Nelson, based on his experience, believed to be cocaine. When combined with the facts that supported a reasonable suspicion that Bruneau was engaged in illegal drug activity, this information was sufficient to constitute probable cause to detain Bruneau.
 
 
 10
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 21