956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John BENTLEY, Defendant-Appellant.
 No. 90-50149.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1992.*
Decided Feb. 13, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Bentley appeals from a judgement of conviction for violation of two counts of 21 U.S.C. § 841(a)(1) (1988), distribution of cocaine base. He is currently serving a 210 month sentence. Before the trial, Bentley filed a motion in limine for an order to preclude evidence of two prior convictions. The district court ruled that under Fed.R.Evid. 609(a)(1) evidence of Bentley's robbery conviction could be used for impeachment. However, the court also ruled that a felony involving the use of a weapon could not be used for impeachment. Based on this ruling, Bentley chose not to testify.
 
 
 3
 Although Bentley argues that the district court abused its discretion in ruling that his prior conviction could be used for impeachment, "[a] trial court's decision to admit impeachment evidence under Rule 609, Fed.R.Evid. is not reviewable when the defendant does not testify, because, among other things, the appellate court cannot determine from the record what possible harm flowed from such a ruling." United States v. Johnson, 903 F.2d 1219, 1222 (9th Cir.), cert. denied 111 S.Ct. 520 (1990). See also Luce v. United States, 469 U.S. 38, 43 (1984) ("to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify"); United States v. Bagley, 837 F.2d 371, 376 (9th Cir.) ("A defendant must claim the right to testify by attempting to take the stand, or this right is waived"), cert. denied 488 U.S. (1988).[1]
 
 
 4
 Therefore, Bentley's claim that the district court abused its discretion by allowing evidence of a prior conviction to be used for the purposes of impeachment, fails to state a ground upon which relief can be granted.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This case is distinguishable from Martinez v. Ylst, No. 89-15940, slip. op. 17067 (9th Cir. Dec. 24, 1991), for that case involved a state rule of evidence, and was not controlled by Luce:
 [T]he procedural rule created by Luce has no application in this case. Luce held that, because it is so difficult to find that a denial of the defendant's right to testify is harmless beyond a reasonable doubt, Fed.R.Evid. 609 requires a defendant to testify in order to challenge an in limine ruling regarding the admission of impeachment testimony. At the time of Martinez's decision not to testify, California had no such procedural requirement, and we will not impose one retroactively.
 Id. at 17074-75 n. 5. The procedural requirement of Luce was in place at the time of Bentley's trial in federal district court.