958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Douglas Edward BATTI, Defendant-Appellee.
 No. 91-10318.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1992.*
Decided March 17, 1992.
 
 Before CHOY, FARRIS and RYMER, Circuit Judges
 MEMORANDUM**
 The district court suppressed the heroin found in Batti's bag based on a determination that the seizures of both Batti and his carry-on bag were not supported by a reasonable, articulable suspicion. The government now appeals, arguing first that Batti himself was not seized and, second, that even if Batti were seized, the seizures of both Batti and the carry-on bag were justified by a reasonable suspicion.
 While we review the district court's findings of historical facts under the clearly erroneous standard, "the ultimate determination of whether those facts amount to an unlawful seizure is a matter of law that we review de novo. " United States v. Johnson, 903 F.2d 1219, 1221 (9th Cir.), cert. denied, 111 S.Ct. 520 (1990); see also United States v. Mines, 883 F.2d 801, 803 (9th Cir.), cert. denied, 493 U.S. 997 (1989). Additionally, we review de novo the district court's determination as to whether the law enforcement agents had a reasonable and articulable suspicion to justify a Terry stop. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989); United States v. Ayarza, 874 F.2d 647, 649-50 (9th Cir.1989), cert. denied, 493 U.S. 1047 (1990). We now reverse and remand.
 I. Seizure of Batti
 The district court found that Batti was seized at some point in the questioning process. To the extent the district court determined that Batti was seized prior to being informed by Agent Alapa that she was either going to search his bag right there in the airport or take it back to the office for a dog sniff, we disagree.
 In determining if an officer's actions constituted a seizure, we ask "whether the person stopped reasonably believed that he or she was not free to leave." Johnson, 903 F.2d at 1221. "Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968). The Supreme Court recently reaffirmed that "mere police questioning does not constitute a seizure." Florida v. Bostick, 111 S.Ct. 2382, 2386 (1991).
 Under these standards, Batti was not seized prior to being informed that his bag would be either searched or dog sniffed. When Agent Alapa approached Batti, she merely identified herself and asked Batti if she could ask him some questions. Agent Alapa never displayed her weapon, commanded Batti to submit to questioning, or physically restrained Batti. At this point, a person in Batti's position would reasonably have believed that he was free to leave. See generally United States v. Brown, 884 F.2d 1309, 1310-11 (9th Cir.1989), cert. denied, 493 U.S. 1025 (1990) (no seizure when detectives approached defendant in public, did not display weapons, touch defendant, or restrain him in any way, spoke in a non-threatening manner, and told defendant that he was free to go); Ayarza, 874 F.2d at 650-51 (no seizure when trooper approached defendant, identified himself, told defendant that he was free to leave, and then proceeded to question defendant).
 The district court further held that, at the point in time when Batti was informed that his bag would be either searched or dog-sniffed, Batti was seized. We need not determine whether a seizure occurred at this point, however, because even if Batti were seized, that seizure was justified by reasonable suspicion.
 In determining whether the agent has a reasonable suspicion supported by articulable facts sufficient to justify an investigatory stop, we consider "the totality of the circumstances--the whole picture." United States v. Sokolow, 490 U.S. 1, 8 (1989) (quoting United States v. Cortez, 449 U.S. 411, 417 (1981)). The agents must have "some minimal level of objective justification" for the seizure. Id. at 7 (quoting INS v. Delgado, 466 U.S. 210, 217 (1984)); see also Hernandez-Alvarado, 891 F.2d at 1416.
 The agents' seizure of Batti was supported by reasonable suspicion. Batti arrived in Honolulu after a two-day trip to a drug-source city, Los Angeles. He exited the airplane in a hurry and told Agent Alapa that he was rushing to catch his connecting flight. This explanation was implausible in light of the fact that the connecting flight was not scheduled to leave for an hour and a half. Batti also was unable to produce his ticket when asked to do so by Agent Alapa. Furthermore, after being questioned by Alapa, Batti began to act nervous and his hands began to shake. Finally, when asked permission to search his bag, Batti did not merely say "no." Rather, he picked up the bag, put his arms through the handles, clutched the bag towards his body, and stepped a couple of paces away from Alapa.
 These facts, when viewed "in the light of a trained officer's experience," Hernandez-Alvarado, 891 F.2d at 1416, indicate that Agents Alapa and Ohia had reasonable suspicion to justify an investigative stop of Batti. See generally Sokolow, 490 U.S. at 8-10 (when taken together, evidence of suspect travelling under an alias or taking an evasive path through airport, failing to check luggage, paying cash for tickets, making only a two-day trip to Miami, and acting extremely nervous is sufficient to establish reasonable suspicion); United States v. Low, 887 F.2d 232 (9th Cir.1989) (that suspect purchased ticket with cash under an alias, appeared nervous, and failed to check luggage was sufficient to establish reasonable suspicion).
 In reaching this conclusion, we are mindful of the Supreme Court's admonition in Reid v. Georgia, 448 U.S. 438, 441 (1980), that reasonable suspicion cannot be based on circumstances or characteristics which "describe a very large category of presumably innocent travelers." When considered as a whole, Batti's conduct was not so consistent with the probable conduct of "a very large category" of innocent travelers as to vitiate the presence of reasonable suspicion.[1]
 II. Seizure of Batti's Carry-On Bag
 Agent Alapa seized Batti's bag when she informed Batti that she would either search the bag there in the airport or take it to the office for a dog sniff. For the same reasons we determined there was reasonable suspicion to support Batti's seizure, Agent Alapa had a reasonable suspicion to justify this seizure.
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also realize that Batti should not be penalized for the exercise of his constitutional right not to consent to a search. It was not Batti's refusal to consent to a search, however, that formed the basis for the agents' reasonable suspicion. Rather, it was his rapid exit from the plane, his implausible explanation, his nervousness, and the manner in which he refused consent which properly formed the basis for a reasonable suspicion. See, e.g., United States v. Riley, 927 F.2d 1045, 1050 (8th Cir.1991) (when determining whether detective had reasonable suspicion, court looked at defendant's "sharp change in attitude" when he withdrew his permission to have his luggage searched)