985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Karen Kathrine BESSETTE, Defendant-Appellant.
 No. 92-10270.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1993.*
Decided Feb. 8, 1993.
 
 Appeal from the United States District Court for the District of Hawaii; No. CR-91-1271-01-ACK, Alan C. Kay, District Judge, Presiding.
 D.Hawaii
 AFFIRMED.
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Karen Kathrine Bessette entered a conditional guilty plea agreement in which she reserved her right to appeal the district court's denial of her motion to suppress 1,358 grams of cocaine seized from her luggage. She pled guilty to the violation of 21 U.S.C. § 841(a)(1), knowing and intentional possession of cocaine with intent to distribute. Bessette now contends on appeal that the district court erred in finding that her encounter with police was consensual. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The primary issue raised by Bessette on appeal is whether her encounter with two Maui County Police Department ("MCPD") officers, as she stood next to her rented car parked in front of the United Airlines arrival area at Kahului Airport, amounted to a "seizure" for Fourth Amendment purposes. The district court determined that Bessette's curbside interview with the two police officers was consented to, and thus did not constitute a seizure. Accordingly, the court dismissed Bessette's motion to suppress. "The district court's finding of historical facts is reviewed under the clearly erroneous standard, but the ultimate determination of whether those facts amount to an unlawful seizure is a matter of law that we review de novo." United States v. Johnson, 903 F.2d 1219, 1221 (9th Cir.), cert. denied, 111 S.Ct. 520 (1990).
 
 
 4
 "The essential inquiry in determining whether the actions of the officers constituted a seizure is whether the person stopped reasonably believed that he or she was not free to leave." Id. Only when police officers "by means of physical force or show of authority, ha[ve] in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." United States v. Low, 887 F.2d 232, 234 (9th Cir.1989) (citation omitted). Law enforcement officials do not effect a seizure "by approaching an individual in a public place [and] 'by asking him if he is willing to answer some questions, [and] by putting questions to him if the person is willing to listen.' " Id. (quoting Florida v. Royer, 460 U.S. 491, 497 (1983)).
 
 
 5
 In the present case, the district court did not err in concluding that the initial curbside encounter was not a seizure implicating the Fourth Amendment. The district court found that Officer Alcomindras, with Officer Kaaikala trailing behind him, approached Bessette in front of the United Airlines arrival area after Bessette had exited from her vehicle. Officer Alcomindras, who like Officer Kaaikala wore civilian attire, identified himself as a police officer and asked Bessette if he could talk to her for a few minutes. Bessette replied "sure" and elected to cooperate with Officer Alcomindras's requests to produce her airline ticket and identification; Officer Alcomindras returned Bessette's property after a brief examination. See United States v. $25,000 U.S. Currency, 853 F.2d 1501, 1505 (9th Cir.1988) (request for identification and airline ticket did not implicate Fourth Amendment rights).[1] Further, although Officer Alcomindras apparently did not expressly advise Bessette that she did not have to talk to him, he did not restrict her freedom in any way, did not block her path, and did not display a weapon nor do anything else which might have served to indicate to a reasonable person that she was compelled to remain. See United States v. Mendenhall, 446 U.S. 544, 555 (1980) (no constitutional requirement that a police officer preliminarily warn the person approached that he need not answer any questions and is free to leave). While Bessette presented a slightly different account of what occurred, the court found the police officers' account to be more credible and we cannot say that the finding of consent and the other facts adopted by the district court are clearly erroneous.[2] See United States v. Erwin, 803 F.2d 1505, 1508 (9th Cir.1986) (finding of consent will not be overturned unless clearly erroneous).
 
 
 6
 Where there is no seizure, the reasonable suspicion requirement of the Fourth Amendment does not apply. Johnson, 903 F.2d at 1222. Having determined that Bessette was not seized at the relevant point in time, we need not reach Bessette's argument that the investigating officers lacked reasonable suspicion. Id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bessette's reliance on United States v. Patino, 649 F.2d 724 (9th Cir.1981) is misplaced. See $25,000 U.S. Currency, 853 F.2d at 1505 n. 2 (Patino undermined by subsequent Supreme Court and Ninth Circuit opinions)
 
 
 [2]
 As the district court noted, Bessette's refusal to consent to a search of her luggage, articulated during her curbside interview with Officer Alcomindras, cuts against her assertion that she was not free to refuse Officer Alcomindras's various requests and therefore, that the encounter was non-consensual
 Following Bessette's refusal to consent to a search of her luggage, her luggage was detained for a "dog sniff" narcotics detection test. Absent Bessette's consent, this detention of her luggage was a "seizure" which required a showing of reasonable suspicion. On appeal, Bessette focuses exclusively on her initial contact with the officers--i.e., the events occurring prior to the point at which her luggage was seized. Thus, she does not challenge the district court's determination that "[a]t the conclusion of the consensual encounter, the MCPD Officers properly detained defendant's luggage for a narcotic detector dog sniff, based upon articulable, reasonable suspicion to believe that defendant was then in possession of illegal drugs."