5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tarhonne Michael BOYD, Defendant-Appellant.
 No. 92-50528.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Aug. 31, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-91-0968-WDK, William D. Keller, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: PREGERSON, BURNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tarhonne Michael Boyd appeals his conviction, following a conditional guilty plea, for possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Boyd claims the district court erroneously denied his motion to suppress evidence because his initial encounter with law enforcement officers constituted an unlawful seizure. Alternatively, he claims the officers lacked reasonable suspicion to make an investigatory stop. In either case, Boyd claims, his illegal detention vitiated his subsequent consent to search his luggage. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 "The essential inquiry in determining whether the actions of ... [law enforcement] officers constituted a seizure is whether the person stopped reasonably believed that he or she was not free to leave." United States v. Johnson, 903 F.2d 1219, 1221 (9th Cir.1990) (citation omitted). We review for clear error the district court's findings of historical fact, "but the ultimate determination of whether those facts amount to an unlawful seizure is a matter of law that we review de novo. Id. (citing United States v. $25,000 United States Currency, 853 F.2d 1501, 1504 (9th Cir.1988)).
 
 
 4
 On November 7, 1991, shortly before midnight, Boyd and a companion, John Johnson, approached an American Airlines ticket counter at Los Angeles International Airport. They had just missed their scheduled flight and asked to be rebooked. Kim LaGreek, the ticket agent, observed that the two appeared nervous. She notified Los Angeles police when she saw that Boyd and Johnson had purchased their first-class, one way tickets with cash.
 
 
 5
 Two plainclothes detectives, Nelsen and Gillespie, responded to LaGreek's call before Boyd and Johnson left the ticket counter. The detectives observed Boyd and Johnson looking around nervously, and followed them to their gate. While Boyd and Johnson sat waiting for their flight, the two detectives approached them. Gillespie identified himself as a police officer and told Boyd he was free to leave. Gillespie and Boyd conversed briefly, then Gillespie asked Boyd if he was carrying any drugs or large sums of money. Boyd said he was not and when Gillespie asked if he could search Boyd's luggage, Boyd replied, "Yeah, sure, go ahead." Gillespie thanked Boyd for his cooperation, shook his hand and left. A subsequent search of Boyd's luggage revealed approximately four kilograms of cocaine.
 
 
 6
 Boyd claims he was not free to leave because had he declined to speak with Gillespie, he could have been arrested under a state law which prohibits "willfully resist[ing], delay[ing], or obstruct[ing] any public officer ... in the discharge or attempt to discharge any duty of his office or employment." He argues further that although Gillespie told him he was free to leave, he had nowhere to go. Therefore, he concludes, "Detective Gillespie should have left."
 
 
 7
 We disagree. The state cases Boyd cites do not persuade us that he would have broken the law by refusing to talk to Detective Gillespie. Detective Gillespie approached Boyd in a public place without touching him or blocking his path, and told him he was free to leave. Gillespie's assurance was adequate to apprise Boyd that he was free to say nothing whether or not he had anywhere to go. In light of this evidence, we discern no error in the district court's conclusion that the encounter was voluntary and Boyd's consent to search his luggage, valid. See Johnson, 903 F.2d at 1221. Because we conclude that Boyd was not "seized" for fourth amendment purposes, we need not discuss whether the officers lacked reasonable suspicion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3