**Richard P. LORITZ, II, Petitioner—Appellant,**

v.

**C.A. TERHUNE, Director of the California Department of Corrections, et al., Respondents—Appellees.**

No. 01–56539.

D.C. No. CV–00–01367–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Appeal from the United States District Court for the Southern District of California, Judith N. Keep, District Judge, Presiding.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

■ Richard Loritz, II appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his 1996 California state convictions for attempted murder and related offenses. We have jurisdiction under 28 U.S.C. § 2253, we review de novo the district court's denial of a habeas petition, *Mendez v. Small*, 298 F.3d 1154, 1157–58 (9th Cir.2002), and we affirm.

■ Loritz contends that the prosecutor breached an express contract by seeking to use his psychological evaluation for cross-examination, and that the trial court erred in ruling that his psychological evaluation could be used to cross-examine Loritz and two expert witnesses. Because neither Loritz nor the expert witnesses testified at trial, he has failed to preserve the issue for appeal. *See Luce v. United States*, 469 U.S. 38, 43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (requiring defendant to testify to preserve claim of improper impeachment with a prior conviction); *United States v. Johnson*, 903 F.2d 1219, 1222 (9th Cir.1990) (applying *Luce* and holding defendant must testify to preserve constitutional error).

■ Loritz next contends that his constitutional rights to counsel, to be present, and to have a public trial were violated by procedures used to read back testimony to the jury. We are unpersuaded. *See La Crosse v. Kernan*, 244 F.3d 702, 707–08 (9th Cir.2001) (ruling it was not contrary to or an unreasonable application of federal law for the state court to rule that jury readbacks are not a "critical stage" of a trial); *cf. Fisher v. Roe*, 263 F.3d 906, 915 (9th Cir.2001) (ruling that under certain conditions a defendant or defense counsel has the right to be present at a readback

during deliberations). We will not address the issue of the judge's absence from the readback because the California Court of Appeal ruled Loritz failed to preserve this issue for review. *See Garrison v. McCarthy*, 653 F.2d 374, 377 (9th Cir.1981) (denying federal habeas review to California prisoner due to lack of a timely objection).

■ Loritz next contends that the trial court committed prejudicial error by its proposed sanction of his parents for their violation of a witness-exclusion order. Again, in the absence of the parents' testimony, there is no record preserved for appeal. *See Johnson*, 903 F.2d at 1222 (stating that a defendant must testify to preserve constitutional error).

■ Loritz next contends the district court erred in finding that his statements made during interrogation were voluntary. The state court's ruling that Loritz was not coerced and was in control of the resumed interrogation is not clearly erroneous. *See Thompson v. Keohane*, 516 U.S. 99, 112, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995) (stating that state court findings of historical circumstances surrounding an interrogation are factual findings accorded a presumption of correctness under pre-AEDPA 28 U.S.C. § 2254(d)).

■ Finally, Loritz contends that judicial hostility deprived him of a fair trial. Because there is no evidence that Loritz was treated unfairly by the trial judge, the state court did not err in rejecting this claim. *See Jeffers v. Ricketts*, 832 F.2d 476, 482 (9th Cir.1987) (stating that habeas relief is available only when petitioner demonstrates unfair treatment due to judicial bias), *rev'd on other grounds*, 497 U.S.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

764, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990).

**AFFIRMED.**