Richard P. LORITZ, II, Plaintiff–Appellant,

v.

**UNITED STATES COURT OF AP-PEALS FOR THE NINTH CIR-CUIT, Defendant–Appellee.**

No. 04–15028.

United States Court of Appeals, Ninth Circuit.

Filed Sept. 2, 2004.

Richard P. Loritz, II, Laughlin, NV, pro se, for Plaintiff–Appellant.

Jocelyn Burton, Esq., Office of The U.S. Attorney, San Francisco, CA, Douglas N. Letter, Attorney, Tara Leigh Grove, U.S. Department of Justice, Washington, DC, for Defendant–Appellee.

Before KRAVITCH, BEAM, and COWEN, Circuit Judges.*

## ORDER

Richard P. Loritz, II ("Loritz") was sentenced to seventeen years in California state prison following his jury-trial convictions for attempted murder. The California Court of Appeals affirmed the sentence and conviction and the California Supreme Court denied Loritz's petition for review.

Loritz subsequently filed a habeas corpus petition in the district court for the Southern District of California, raising a number of challenges to his convictions, and the district court denied that petition. Loritz appealed ("the habeas appeal") and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") affirmed in an unpublished memorandum disposition pursuant to Rule 36–3. *See Loritz v. Terhune*, 60 Fed.Appx. 1 (9th Cir.2002). Loritz filed a petition for en banc review of the decision and a motion for publication of the disposition pursuant to Rule 36–4; both were denied. The United States Supreme Court subsequently denied Loritz's petition for a writ of certiorari.

In April 2003, Loritz filed a pro se civil action against the Ninth Circuit challenging as unconstitutional the Ninth Circuit Rules concerning non-publication of dispositions of appeals, Ninth Circuit Rules 36–1 through 36–4 ("the Rules").[1] The Ninth Circuit moved for dismissal of the action on the ground that Loritz lacked standing under Article III of the Constitution. The district court granted the motion and Loritz appealed. The Ninth Circuit moved for summary affirmance, and we now consider that motion.

 This court reviews de novo the district court's dismissal of an action for lack of standing, "accepting as true all material allegations in [the] complaint and construing the complaint in [the plaintiff's] favor." *Schmier v. United States Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 820 (9th Cir.2002). Article III of the Constitution requires a plaintiff attempting to invoke the jurisdiction of the federal courts to demonstrate that he has standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Standing under Arti-

---

\* The Honorable Phyllis A. Kravitch, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, the Honorable C. Arlen Beam, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, and the Honorable Robert E. Cowen, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

1. We note that this is not a habeas appeal. *See* Plaintiff Opposition to Defendant's Motion to Dismiss at 7 (conceding that"[t]his is a civil suit, not a habeas petition."). Loritz seeks, inter alia, a declaratory judgment that Circuit Rule 36–3 is null and void as well as a declaratory judgment that the opinion on his appeal is precedent and citable by all courts within the Ninth Circuit. He does not challenge his conviction or sentence.

cle III of the Constitution requires a showing that: (1) the plaintiff has suffered an injury-in-fact, (2) the injury is fairly traceable to the challenged action of the defendant, and (3) the injury is likely to be redressed by a favorable decision. *Environmental Defense Center, Inc. v. EPA*, 344 F.3d 832, 863 (9th Cir.2003).

Under the "injury-in-fact" prong, the injury alleged must be "actual or imminent, not conjectural or hypothetical." *Id.* Moreover, a plaintiff filing an action in federal court has the burden of alleging specific facts sufficient to satisfy the standing elements. *Schmier*, 279 F.3d at 821. Loritz contends that he established standing by, inter alia, (1) citing to an unpublished decision in his complaint and by referring to two unpublished decisions in his opposition to the defendant's motion to dismiss, (2) claiming that the panel adjudicating his habeas appeal would have decided differently if it had issued a precedential decision in his case, and (3) asserting that future litigants are injured because they cannot cite his case as precedent.

After reviewing the record, the motion for summary affirmance, and Loritz's response, we conclude that there is no merit to Loritz's claim that he has standing. First, a litigant's mere desire to cite an unpublished disposition does not, by itself, establish standing because a litigant must show how he or she was actually injured by a particular Circuit rule. *See Schmier*, 279 F.3d at 821–22. Here, Loritz does not show that the outcome of his particular case could have been affected were he able to cite an unpublished disposition. To assume that the court adjudicating his habeas appeal would have ruled differently is wholly speculative and unfounded, and cannot form the basis for Article III standing. *See Ecological Rights Found. v. Pacific Lumber Co.*, 230 F.3d 1141, 1152 (9th Cir.2000) (noting that "the causal connection put forward for standing purposes cannot be too speculative or rely on conjecture"). Second, we note that Loritz does not have standing by simply contending that the Circuit Rules "prevent all future litigants from bringing the decision in [Loritz's] appeal to [the court's] attention." *See Schmier*, 279 F.3d at 821–22 (stating that the plaintiff does not have standing when he did not allege a violation of a right personal to himself, but rather a violation of others' rights).

Because Loritz does not have standing to pursue his claims, we grant the Ninth Circuit's motion for affirmance of the district court's order dismissing the action.

AFFIRMED.

BEAM, Circuit Judge, concurring:

I concur in the result reached by the court but respectfully disagree that Mr. Loritz lacks standing to assert his claims. And, I also disagree that *Schmier v. United States Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 820 (9th Cir.2002), provides controlling precedent in this particular case. Mr. Schmier alleged that as an attorney who practices in the courts of the Ninth Circuit and as a beneficially interested citizen with personal concerns about how and when the Ninth Circuit allows precedential use of its opinions, he had standing to seek injunctive relief. I agree with the court that he did not. Obviously, any purported injury suffered by Mr. Schmier was not "fairly traceable" to the challenged action. *Envtl. Def. Ctr., Inc. v. EPA*, 344 F.3d 832, 863 (9th Cir.2003)(quotation omitted). Here, however, Mr. Loritz's interests are not so remote. He asserts immediate and particularized claims clearly concerned with his own criminal conviction and his continuing incarceration in California prisons.

Although Mr. Loritz states, as noted by the court, that his pleadings constitute "a civil suit, not a habeas petition,"[1] his operative allegations belie that analysis. He contends that the Ninth Circuit's publication rule caused him direct injury and harm. Were it not for the erroneous application of the court's allegedly unconstitutional procedures, he would have and should have been granted habeas relief, Mr. Loritz says. While he "does not show that the outcome of his particular case could have been affected were he able to cite an unpublished disposition," *ante*, at 992, Mr. Loritz does allege that the outcome in his earlier habeas appeal would have been different had the Ninth Circuit been required to publish his disposition, because then prior precedent would have dictated a favorable result. This is enough for me. Though his claim may sound frivolous, that is not a basis for finding he has no standing.

Mr. Loritz is clearly seeking to collaterally attack the judgment in his criminal case, an effort that he has previously undertaken. And he is using the guise of this Rule 36–3 suit to voice his claim. That he surely cannot do in light of 28 U.S.C. § 2244(b)(1) or (2).[2]

Accordingly, I would remand this matter to the district court with instructions to dismiss the case on that basis.

---

1. Of course, a habeas action is a civil suit. The relief requested, not the subjective procedural intent or beliefs of the plaintiff, govern the nature of the litigation.

2. This approach may be Mr. Loritz's creative but disingenuous attempt to avoid the limitations adopted by Congress in the Anti–Terrorism and Effective Death Penalty Act of 1996.