**Jonas EKLUND; et al., Plaintiffs—Appellants,**

v.

**BYRON UNION SCHOOL DISTRICT; et al., Defendants—Appellees.**

No. 04–15032.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 17, 2005.

Richard Thompson, Esq., Edward L. White, III, Esq., Robert J. Muise, Esq., Thomas More Law Center, Ann Arbor, MI, for Plaintiffs–Appellants.

Stephen P. Berzon, Esq., Linda Lye, Esq., Altshuler Berzon Nussbaum Rubin & Demain, San Francisco, CA, for Defendants–Appellees.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM *

1. The Byron Union School District's (District) Islam program did not violate the Establishment Clause of the First Amendment. The Islam program activities were not " 'overt religious exercises' that raise Establishment Clause concerns." *See Brown v. Woodland Joint Unified Sch. Dist.*, 27 F.3d 1373, 1382 (9th Cir. 1994) (citation omitted).

2. The district court did not err in determining that the District and individual defendants were entitled to qualified immunity from suit because they did not violate a constitutional right, let alone a clearly-established one. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *see also Kennedy v. City of Ridgefield*, 411 F.3d 1134, 1141–42 (9th Cir.2005) (applying *Saucier* two-part immunity test).

3. The district court did not err in determining that the Dupee plaintiffs had no standing. The Dupees' claims were speculative and relied on conjecture that the Dupee children might be assigned to a teacher using the Islam program at a future date. *See Loritz v. U.S.Ct. of Appeals*, 382 F.3d 990, 992 (9th Cir.2004).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.