**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHAEL BLOMQUIST, d.b.a. Michael Scott Properties, Inc., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> WASHINGTON MUTUAL, a Washington corporation; et al., <br><br> Defendants - Appellees. | No. 08-16910 <br><br> D.C. No. 5:07-cv-04108-JF <br><br> MEMORANDUM * |

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted May 25, 2010**

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Blomquist's request for oral argument is denied.

Michael Blomquist appeals pro se from the district court's judgment dismissing for lack of standing and without leave to amend his claims against non-lender defendants alleging violations of antitrust, consumer protection, and securities laws in connection with mortgage lending practices. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Loritz v. U.S. Ct. App. for the Ninth Cir.*, 382 F.3d 990, 991 (9th Cir. 2004), and we affirm.

The district court properly dismissed the claims for lack of standing because Blomquist failed to allege a personal injury fairly traceable to the actions of non-lender defendants. *See id.* at 992 (concluding that plaintiff lacked standing where allegations concerning injury were speculative and unfounded).

The district court did not abuse its discretion by dismissing the claims without leave to amend because Blomquist failed to explain how he could cure the pleading deficiencies. *See Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (concluding that district court did not abuse its discretion by dismissing without leave to amend where amendment would be futile); *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008) (concluding that amendment would be futile where plaintiffs already filed an amended complaint containing the same defects as their original complaint and failed to state

what additional facts they would plead if given leave to amend, or what additional discovery they would conduct to discover such facts).

Blomquist's remaining contentions are unpersuasive.

**AFFIRMED.**