Michael SCHMIER, Plaintiff–
Appellant,

v.

UNITED STATES COURT OF AP-
PEALS FOR THE NINTH CIRCUIT
and Judicial Council of the Ninth Cir-
cuit, Defendants–Appellees.

No. 01–16105.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2001.*

Filed Feb. 1, 2002.

* The panel unanimously found this case suit-
able for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Kenneth J. Schmier, Emeryville, CA, for the plaintiff-appellant.

Douglas N. Letter and Kathleen A. Kane, U.S. Department of Justice, Washington, for the defendants-appellees.

Before: FRIEDMAN, Senior Circuit Judge, ROETTGER, Senior District

Judge, and MICHEL, Circuit Judge.**

MICHEL, Circuit Judge.

Michael Schmier, an attorney practicing employment law in the California federal courts, appeals from a decision by the United States District Court for the Northern District of California holding that, as a matter of law, Schmier had failed to establish standing based on a complaint alleging that the Circuit Rules prohibiting citation to unpublished opinions violate his constitutional rights. Because Schmier's complaint does nothing more than allege a speculative and abstract interest in having these Circuit Rules invalidated, and because nothing in the complaint indicates that these rules have somehow caused an injury personal to Schmier, we affirm.

### I.

In November 2000, Schmier sued the United States Court of Appeals for the Ninth Circuit and the Judicial Council for that Circuit, alleging that certain rules they had promulgated, especially Circuit Rule 36–3, violate Schmier's rights under Article III of the Federal Constitution, along with Schmier's rights under the First Amendment, the Due Process and Equal Protection Clauses, and under the separation-of-powers doctrine. Circuit Rule 36–3 essentially states that neither parties nor courts in the Ninth Circuit may cite to an unpublished disposition as precedent, though they may cite to unpublished dispositions for purposes of establishing, *e.g.*, the applicability of collateral estoppel, res judicata or law of the case. The current version of this Rule will expire by its own force on December 31, 2002, unless

the Ninth Circuit votes to retain it permanently. Regardless, even if that Rule does expire, the version of the Rule that it temporarily replaced (and that will presumably go into effect once or if the current Rule expires) similarly states that neither parties nor courts in the Ninth Circuit may rely on unpublished orders or opinions as precedent. *See* 9th Cir. R. 36–3.

Liberally construed, Schmier's complaint alleges that, as an attorney who practices in the courts of the Ninth Circuit and a citizen "beneficially interested ... and personally concerned" in seeing the Ninth Circuit "perform their duties under the law," he is entitled to injunctive relief that would require (among other things) recognition by all the courts in the Ninth Circuit that all their orders and opinions, published or unpublished, carry the force of precedent, contrary to the dictates of the Circuit Rules. Further, the complaint alleges that the Ninth Circuit's "constitutional violations" were "continuing daily and [were] causing grievous harm to numerous litigants, including" Schmier. Because of these Circuit Rules, the complaint alleges, "people cannot know the manner in which" the courts were applying "their enacted laws," meaning the Ninth Circuit had thereby "sever[ed] the mechanism by which the public can monitor the application of law." Before the district court on oral argument, Schmier added that, without this "mechanism," the public could not know whether it should petition the representative branches of government, *e.g.*, the Congress, to overrule or repeal a particular court decision.

** All members of the Ninth Circuit having recused themselves from this case, all the Judges on this panel are sitting by designation: Paul R. Michel, Circuit Judge for the United States Court of Appeals for the Federal Circuit; Daniel M. Friedman, Senior Circuit Judge for the United States Court of Appeals for the Federal Circuit; and Norman C. Roettger, Jr., Senior District Judge for the United States District Court for the Southern District of Florida.

The Ninth Circuit, represented by the Department of Justice, moved to dismiss Schmier's complaint under Fed.R.Civ.P. 12(b)(6), arguing that he had failed to allege a legally recognized injury and had therefore failed to establish constitutional standing. At oral argument, the district court asked Schmier's counsel (his brother, Kenneth) no less than three times whether Schmier could allege that he had cited an unpublished decision in a case and either was personally sanctioned for doing so; or tried citing that decision to a court in the Ninth Circuit and the court's failure to recognize that unpublished disposition adversely affected his client's interests. (*See, e.g.*, Tr. at 3, 9, 18–19.) Schmier's counsel initially answered either with a non-responsive analysis or else responded with another question. Ultimately, however, counsel conceded that Schmier had not done as the district court suggested. (*See* Tr. at 9, 18–19.)

The district court granted the Ninth Circuit's motion and dismissed Schmier's complaint with prejudice. In so doing, the court reasoned that Schmier had indeed failed to allege any facts showing that he himself had suffered a direct or immediate injury as a result of the Circuit Rules prohibiting citation to unpublished dispositions. (Op. at 6.) Specifically, according to the court, Schmier's failure to assert that he had tried citing an unpublished disposition and that he had suffered some tangible harm as a result thereof precluded him from establishing the constitutional standing required of every plaintiff. (*See* Op. at 7.)

On appeal, Schmier argues (as he did before the district court) that he established standing at the pleading stage of this suit because the Circuit Rules at issue "deny[him] the concrete body of law upon which to base the opinions he is asked to give in the course of his trade" as a law-

yer. (Appellant's Br. at 29.) In addition, Schmier alleges a "clear, present, and substantial right to the performance of [the Ninth Circuit's] duties" and that, at a minimum, the district court should have denied the motion to dismiss, allowed the case to proceed to discovery and then (and only then) addressed the standing issue at the summary judgment stage. (*See* Appellant's Br. at 29.) As further support of his alleged standing, Schmier notes that the Ninth Circuit has recently issued two opinions indicating that "it is serious about sanctioning attorneys who cite unpublished opinions." (Reply at 6.) The Ninth Circuit, in response, counters that not only does Schmier lack standing; but also that a recent (and published) decision from the Ninth Circuit forecloses his constitutional claims on the merits, *see Hart v. Massanari*, 266 F.3d 1155 (9th Cir.2001).

## II.

■ We review questions of standing *de novo*, accepting as true all the material allegations in Schmier's complaint and construing the complaint in his favor. *See Tyler v. Cuomo*, 236 F.3d 1124, 1131 (9th Cir.2000). Although we read the complaint in a light most favorable to the nonmoving party, " 'conclusory allegations of law and unwarranted inferences' " cannot defeat an otherwise proper motion to dismiss. *See Associated Gen. Contractors of Am. v. Metro. Water Dist. of S. California*, 159 F.3d 1178, 1181 (9th Cir.1998) (quoting *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir.1998)).

## III.

■ Having reviewed Schmier's complaint, we agree that he has failed to allege a cognizable injury under the standing doctrine. As the Supreme Court has repeatedly stated, the "core" or "bedrock" elements of standing require that a plain-

tiff establish a(1) legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress. *E.g., Raines v. Byrd*, 521 U.S. 811, 818–19, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997) (noting the "bedrock requirement" of standing generally and the "strict compliance" of showing a legally recognized injury specifically); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (identifying the three "core component[s] of standing"). The party seeking to invoke the jurisdiction of the federal courts has the burden of alleging specific facts sufficient to satisfy these three elements. *See Raines*, 521 U.S. at 818, 117 S.Ct. 2312 (plaintiffs must satisfy standing requirements "based on the complaint...."); *Whitmore v. Arkansas*, 495 U.S. 149, 155–56, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *Allen v. Wright*, 468 U.S. 737, 752, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). "A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155–56, 110 S.Ct. 1717.

Contrary to Schmier's assertions, moreover, the injury that a plaintiff alleges must be unique to that plaintiff, one in which he has a "personal stake" in the outcome of a litigation seeking to remedy that harm. *See Raines*, 521 U.S. at 818–19, 117 S.Ct. 2312; *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). In addition, the plaintiff must have sustained a "concrete" injury, "distinct and palpable ... as opposed to merely abstract." *Whitmore*, 495 U.S. at 155, 110 S.Ct. 1717; *accord Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (discussing the standing requirement for a "concrete and particularized" injury). And that injury must have actually occurred or must occur imminently; hypothetical, speculative or other "possible future" injuries do not count in the standings calculus. *See Whitmore*, 495 U.S. at 155, 110 S.Ct. 1717; *accord Lujan*, 504 U.S. at 560, 112 S.Ct. 2130; *Allen v. Wright*, 468 U.S. at 751, 104 S.Ct. 3315; *Lyons*, 461 U.S. at 101–02, 103 S.Ct. 1660. Though these standing principles do not readily lend themselves to "mechanical application," *Allen v. Wright*, 468 U.S. at 751, 104 S.Ct. 3315, nor do they require an "ingenious academic exercise in the conceivable," *see Lujan*, 504 U.S. at 566, 112 S.Ct. 2130.

[3] In this case, we have little difficulty in applying these principles and concluding that Schmier has failed to allege a legally cognizable injury, as required by the standing doctrine. First, Schmier has not alleged a violation of a right personal to himself; rather, he appears to allege an injury on behalf of all lawyers practicing within the Ninth Circuit (or, indeed, all persons residing within that Circuit's geographical confines), along with an injury to all his clients generally. Further, the harm that he describes in his complaint actually deals only with the speculative loss of some alleged right in citing and relying on an unpublished decision that someday, in some case of his, may somehow help one of his current (or future) clients obtain a favorable result of some sort. He does not even assert that, as a result of the Circuit Rules, he has abstained from citing an unpublished decision that he believed would serve as a helpful precedent.

Schmier, in other words, has alleged no facts showing, with specificity, that the prohibition against citing unpublished dispositions will produce an imminent injury personal to Schmier himself (*e.g.,* as when doing so would lead to the imposition of sanctions on Schmier) or even to one of Schmier's clients (*e.g.,* as when relying on an unpublished decision that would help that client prevail in a litigation). Again,

the Supreme Court has flatly rejected the contention, intimated by Schmier, that an injury occurring "some day" can satisfy the injury-in-fact requirement of the standing doctrine. *See Lujan,* 504 U.S. at 564, 112 S.Ct. 2130; *see also Whitmore,* 495 U.S. at 157, 110 S.Ct. 1717. So too has it rejected Schmier's argument that he can establish standing based solely on his interest in seeing the federal courts (among other governmental bodies) "perform [their] duties" and abide by the Constitution. *See Whitmore,* 495 U.S. at 160, 110 S.Ct. 1717 (" 'This Court has repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court.' ") (quoting *Allen v. Wright,* 468 U.S. at 754, 104 S.Ct. 3315); *see also Lyons,* 461 U.S. at 111, 103 S.Ct. 1660 (asserting that a "federal court may not entertain a claim by any or all citizens who[do] no more than assert that certain practices of law enforcement ... are unconstitutional").

Simply put, Schmier has failed to allege any action by the Ninth Circuit that has immediately and personally subjected him to sanctions or has adversely affected one or more of Schmier's clients in a Ninth Circuit litigation. *See Allen v. Wright,* 468 U.S. at 755, 104 S.Ct. 3315 (finding insufficient injury to confer standing on plaintiffs alleging that private schools had engaged in discriminatory practices and had thereby violated federal funding laws when none of those alleged discriminatory practices "personally subject[ed]" the plaintiff-parents or their children to discrimination). The federal courts do not have the constitutional authority to adjudicate the metaphysical injuries that Schmier has allegedly suffered. Absent one of the situations described above, *e.g.,* sanctions or harm from the inability to rely on an unpublished opinion in a live litigation, Schmier will have to press his concerns about un-published opinions to either a committee of the Ninth Circuit; or to the Congress. The judiciary, by contrast, may not act as a " 'vehicle for the vindication of the value interests of concerned bystanders.' " *Id.* at 756, 104 S.Ct. 3315 (quoting *United States v. SCRAP,* 412 U.S. 669, 687, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973)).

Despite the Supreme Court's repeated admonitions against taking jurisdiction over cases involving something less than a "personal," "particularized" and "concrete" injury, Schmier asserts that other precedents show that courts may nevertheless find standing even when the alleged injury is "widely shared." *See, e.g., Sierra Club v. Morton,* 405 U.S. 727, 734, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); *Japan Whaling Assoc. v. Am. Cetacean Soc'y,* 478 U.S. 221, 230 n. 4, 106 S.Ct. 2860, 92 L.Ed.2d 166 (1986). The precedents that Schmier cites, however, do not help Schmier's case.

In *Sierra Club v. Morton,* for example, the Supreme Court did indicate that, in the context of addressing a claim brought by members of a conservation group interested in preventing the commercialization of an "area of great natural beauty," the fact that many persons had "widely shared" an "injury of a noneconomic nature" did not alone defeat standing. *See* 405 U.S. at 728, 734, 738, 92 S.Ct. 1361. But the Court also held that the members of that group still lacked standing, reasoning that, as in this case, they had failed to show some personal injury as a result of the actions taken by the defendant, *i.e.,* that the commercialization of the land at issue would somehow harm the land that these members themselves had used for, *e.g.,* "their activities or pastimes." *Id.* at 734–35, 92 S.Ct. 1361. Examining its own precedent, the Court went on to clarify that the "fact of an ... injury," whether economic or otherwise, "gives a person standing to seek judicial review"; and thereaf-

ter, once that person has properly invoked the court's jurisdiction, he may then "argue the public interest in support of his claim...." *Id.* at 738, 92 S.Ct. 1361. A "mere 'interest in a problem,' no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem, is not sufficient by itself to render the organization 'adversely affected' or 'aggrieved'...." *Id.* at 739, 92 S.Ct. 1361 (citation omitted).

Here, as with the plaintiffs in *Sierra Club v. Morton,* Schmier is alleging nothing more than an "interest in the problem" concerning Circuit Rule 36–3 and the other Circuit Rules dealing with unpublished opinions. Again, that interest, unaccompanied by a showing that the application of these Circuit Rules had somehow personally and actually harmed Schmier, cannot alone constitute the injury-in-fact contemplated by the standing doctrine. Schmier is simply and impermissibly trying to skirt the requirement, recognized in *Morton,* that he first incur an actual, personal injury *before* he argues on behalf of the public interest. *See* 405 U.S. at 739, 92 S.Ct. 1361; *see also Japan Whaling Assoc.,* 478 U.S. at 230 n. 4, 106 S.Ct. 2860 (indicating in a single sentence, without ever actually using the word "standing," that a wildlife conservation group could pursue an action under the Administrative Procedure Act to have the Secretary of Commerce certify that Japan had violated an international quota on the killing of whales when excessive "whale harvesting" by Japanese whaling ships could adversely affect that conservation group's ability to study and watch whales).

█ Nor do we find any error by the district court in deciding the standing issue at the pleading stage as opposed to, say, the summary judgment stage. True, the Supreme Court and this court have indicated (at least parenthetically) that,

generally speaking, a party cannot "aver[ ]" that it suffered an injury in fact until it has reached "(the summary judgment stage)"; and that it cannot "prove[ ]" the standing elements until it has reached "(... the trial stage)." *See Lujan,* 504 U.S. at 561, 112 S.Ct. 2130 (noting also that, "[a]t the general pleading stage, general factual allegations of injury resulting from the defendant's conduct *may* suffice ....") (emphasis added); *Price v. Akaka,* 3 F.3d 1220, 1223–24 (9th Cir.1993) (same).

But none of the cases identified by Schmier excuse the standing doctrine's injury requirement from ever becoming the proper basis for the grant of a motion to dismiss. To the contrary, Supreme Court decisions both preceding and following *Lujan* show that this injury element most assuredly remains the proper basis of a motion brought under Fed.R.Civ.P. 12(b)(6). *See, e.g., Raines,* 521 U.S. at 817–24, 830, 117 S.Ct. 2312 (vacating decision by district court that denied a motion to dismiss and ordering court to dismiss the complaint for failing to allege a cognizable injury under the standing doctrine); *Whitmore,* 495 U.S. at 158, 110 S.Ct. 1717 (citing, with approval, Supreme Court precedents that sustained the dismissal of a case for lack of standing based on the allegations of injury that appeared in the complaint) (citing, among others, *Ashcroft v. Mattis,* 431 U.S. 171, 172 n. 2, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977)); *Allen v. Wright,* 468 U.S. at 745–48, 756, 104 S.Ct. 3315 (examining allegations in class-action complaint and upholding district court's decision granting a motion to dismiss for want of standing); *Lyons,* 461 U.S. at 101–02, 105, 103 S.Ct. 1660 (examining complaint's allegations of injury and finding them too speculative to satisfy the standing inquiry).

Nor has Schmier explained how anything in the Federal Rules of Civil Proce-

dure or, for that matter, the Constitution itself, would immunize the standing inquiry from any 12(b)(6) dismissal under any conditions whatsoever. He has not, we believe, because he cannot; neither the Federal Rules of Civil Procedure nor (of course) the Constitution purports to treat standing any differently from any other issue that a federal court, upon motion, might address at the pleading stage.

## IV.

■ On a related note, we add that the district court also properly dismissed Schmier's complaint with prejudice, meaning it also correctly denied Schmier leave to amend his complaint and to perhaps thereafter engage in discovery. Neither party, understandably enough, has addressed this point on appeal, given that Schmier cast his objection to the dismissal of his complaint (and the concomitant denial of discovery) in the form of an argument focused squarely on the contention that he had indeed claimed a cognizable injury and that courts should not conduct the injury inquiry until summary judgment. Nevertheless, we address the point ourselves, as Schmier's argument appears to quite naturally implicate this point as well.

■ We examine, *de novo*, a decision granting a motion to dismiss with prejudice, *i.e.*, without leave to amend. *See In re Consolidated Pioneer Mortgage Entities*, 205 B.R. 422, 424 (9th Cir.BAP1997) (citing *Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991)). If a district court offers no reasons for its dismissal without leave to amend, as the district court did here, we examine the correctness of that decision by looking at the "five factors used to assess the propriety of a motion for leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously

amended his complaint." *Id.* at 426 (citing, among others, *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990)). Futility of amendment, the most relevant factor here, frequently means that "it was not factually possible for[plaintiff] to amend the complaint so as to satisfy the standing requirement." *Id.; see also Chang v. Chen*, 80 F.3d 1293, 1296, 1301 (9th Cir.1996) (asserting that " 'dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment' " but affirming dismissal with prejudice of civil RICO claims) (quoting *Polich*, 942 F.2d at 1472).

In this case, Schmier could not have possibly amended his complaint to allege an injury in fact. As explained earlier, his complaint failed to allege any harm that could remotely approach the threshold requirement of having a personal, concrete, and actual or imminent injury. At oral argument before the district court, moreover, Schmier conceded that he had not cited an unpublished disposition to the Ninth Circuit and was consequently sanctioned or imminently threatened with sanctions for doing so. *See Hart v. Massanari*, 266 F.3d at 1158–59 (addressing the constitutionality of the Ninth Circuit's rules concerning unpublished dispositions after counsel had cited an unpublished case in his opening brief, prompting the panel to issue an order to show cause why it should not discipline counsel for doing so) (Kozinski, J.). Likewise, he conceded that he had not cited an unpublished disposition on behalf of a client and now wanted a court to rely on (or perhaps even ignore) that unpublished disposition in rendering its decision. *See Anastasoff v. United States*, 223 F.3d 898, 899–900 (8th Cir. 2000) (addressing the constitutionality of the Eighth Circuit's rules concerning unpublished opinions in a taxpayer refund

suit when party urged court to ignore an unpublished opinion "directly [on] point") (Arnold, J.), *vacated as moot on other grounds,* 235 F.3d 1054 (8th Cir.2000).

And, in his reply brief, Schmier seemingly emphasizes the speculative nature of his own alleged injury, arguing that the Ninth Circuit has demonstrated its willingness to sanction attorneys (albeit not Schmier) who cite unpublished opinions. That argument, as we see it, merely confirms that Schmier could not allege in any putative amendment to his complaint an injury that would meet the constitutional standing criteria. Our ruling, of course, does not preclude another lawsuit by Schmier alleging (subject to the pleading requirements of Fed.R.Civ.P. 11) a situation in which he did immediately face sanctions for citing an unpublished disposition. Nor does it preclude him from attempting to rely on an unpublished disposition in the course of representing a client with a bona fide case or controversy. In either event, the standing doctrine would not divest us of the authority to address Schmier's claims on the merits.

## V.

We note, however, that precedent—in the form of a published opinion by the Ninth Circuit—would appear to foreclose one of the many theories alleged by Schmier. *See Hart,* 266 F.3d at 1160–61, 1163, 1165–67, 1175 (holding that, contrary to the now-vacated opinion in *Anastasoff,* the Ninth Circuit Rule about unpublished dispositions not carrying precedential force did not violate the "judicial Power" clause of Article III of the U.S. Constitution). Given the wide range of interest shown in the debate about unpublished opinions, and assuming that parties with personal stakes in live controversies will properly raise the issue with the federal courts, we think it is only a matter of time before the

theoretical questions raised by Schmier's complaint are all properly presented and resolved.

AFFIRMED.