**Ruth PARK, et al., Plaintiffs–Appellants,**

v.

**LOS ANGELES UNIFIED SCHOOL DISTRICT, Defendant–Appellee.**

No. 01–55135.
D.C. No. CV–00–06345–DDP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2002.

Decided March 21, 2002.

Before BROWNING, THOMAS, and RAWLINSON, Circuit Judges.

### MEMORANDUM[1]

We affirm the dismissal for lack of standing. Because the plaintiffs did not address the district court's holding that they lacked standing to assert their free speech and free exercise claims in their opening brief, we will not reconsider that issue on appeal. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir.1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief."); *cf. Adarand Constructors, Inc. v. Mineta*, 534 U.S. 103, 122 S.Ct. 511, 513–14, 151 L.Ed.2d 489 (2001).

The district court did not address the plaintiffs' standing to assert their separate Establishment Clause claims. We requested supplemental briefing on this issue and conclude that the plaintiffs lack standing to assert these claims as well.

█ To have standing to assert an Establishment Clause claim, the plaintiffs must show that they are "directly affected" by the challenged practice. *See Sch. Dist. of Abington Township v. Schempp*, 374 U.S. 203, 225 n. 9, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963). At the pleadings stage, the plaintiffs have the burden of "alleging specific facts" that establish a basis for standing. *Schmier v. United States Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 821 (9th Cir.2002). At

a minimum, they must allege "a (1) legally recognized injury, (2) caused by the named defendant that is (3) capable of legal or equitable redress." *Id.*

█ The plaintiffs do not claim to have standing as taxpayers, but do claim to have standing as students, parents of students, and staff who were exposed to the offending material. Plaintiffs may establish standing by showing that they came into direct and unwelcome contact with government-sponsored religious messages that were contrary to their beliefs. *See Separation of Church and State Comm. v. City of Eugene*, 93 F.3d 617, 619 n. 2 (9th Cir.1996); *Am. Jewish Congress v. City of Beverly Hills*, 90 F.3d 379, 381–82 (9th Cir.1996); *see also Books v. City of Elkhart*, 235 F.3d 292, 298–301 (7th Cir.2000); *Suhre v. Haywood County*, 131 F.3d 1083, 1086–89 (4th Cir.1997). However, the plaintiffs have not alleged any facts to establish an injury in fact. They allege only (1) that religious messages were posted on bulletin boards at certain unspecified schools, and (2) that some of the plaintiffs are students who attend, and staff who work at, certain unspecified schools. There are no allegations that the plaintiffs actually saw the materials and were offended by their religious content, or even that they attended the schools where the materials were posted. The plaintiffs' 165–page complaint contains page after page of irrelevant and redundant allegations, but no allegations that the plaintiffs were personally affected—directly or indirectly—by the materials.

The burden to allege an injury is not difficult.[2] In the absence of any such alle-

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2. For example, the plaintiffs could have satisfied this requirement through a single paragraph alleging that they had seen the religious messages displayed at their schools and felt stigmatized because the messages were con-

gations, however, we are "powerless to create [our] own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore v. Arkansas*, 495 U.S. 149, 155–56, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (emphasizing that the basis for standing must "affirmatively appear in the record"); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981) ("[T]he facts demonstrating standing must be clearly alleged in the complaint.... We cannot construe the complaint so liberally as to extend our jurisdiction beyond its constitutional limits.").

**AFFIRMED.**

trary to their religious beliefs. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir.2002) ("A plaintiff needs only to plead general factual allegations of injury in order to survive a motion to dismiss, for we presume that general allegations embrace those specific facts that are necessary to support the claim.") (internal quotations omitted).

