William C. MCLEOD, II,
Plaintiff–Appellant,

v.

**DEPARTMENT OF VETERANS AFFAIRS; et al., Defendants–Appellees.**

No. 01–16909.
D.C. No. CV–01–00678–PMP(PAL).

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002.*

Decided July 29, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM**

William C. McLeod, II appeals pro se the district court's order dismissing his action alleging violation of the Privacy Act, 5 U.S.C. § 552a, in connection with the Department of Veterans Affairs ("VA") releasing his United States Air Force medical records to certain private entities. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, after de novo review, *Schmier v. U.S.Ct. of Appeals for the Ninth Circuit,* 279 F.3d 817, 824 (9th Cir.2002), we affirm.

The district court properly dismissed the complaint as to the private entities and the United States because only governmental agencies are subject to the Privacy Act. *See Unt v. Aerospace Corp.,* 765 F.2d 1440, 1447 (9th Cir.1985). The district court properly denied McLeod's request for an injunction because "Congress did not intend to authorize the issuance of injunctions prohibiting disclosures of protected materials." *Cell Assocs., Inc. v. Nat'l Insts. of Health,* 579 F.2d 1155, 1159 (9th Cir.1978). The district court properly dismissed McLeod's complaint for damages because he failed to allege that the VA acted with the requisite scienter. *See* 5 U.S.C. § 552a(g)(4) (damages available where agency acted intentionally or willfully); *Johnston v. Horne,* 875 F.2d 1415, 1422 (9th Cir.1989) ("willful or intentional" means more than gross negligence), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

** This disposition is not appropriate for publication and may not be cited to or by the

The district court did not abuse its discretion in denying McLeod's interlocutory motions for an in camera review and for a temporary injunction.

There is no support in the record for McLeod's contention on appeal that the district judge was biased against him. *See* 28 U.S.C. § 455(a).

The district court was not required to inform McLeod of the deficiencies with his complaint and grant him leave to amend because it was clear that he could not allege a viable claim under the Privacy Act. *See Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987).

We do not consider the district court's denial of McLeod's motion for reconsideration of the dismissal order. *See Miller v. Fairchild Indus., Inc.,* 797 F.2d 727, 738 (9th Cir.1986) ("Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief").

**AFFIRMED.**

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.