UNITED STATES of America, Plaintiff—Appellee,

v.

Brandy Michelle PHILLIPS, Defendant—Appellant.

No. 01–30396.

D.C. No. CR–01–00161–BR–03.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Decided Sept. 25, 2002.

Before GOODWIN, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM *

Brandy Michelle Phillips appeals her conviction of mail theft. We have jurisdiction pursuant to 18 U.S.C. § 1291 and affirm.

### A. *Reasonable Suspicion*

The district court correctly denied Phillips' motion to suppress all physical evidence seized by police on February 16,

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2001, and all statements, oral and otherwise, made by Phillips to police that same morning. An officer may lawfully stop a vehicle if he or she "has a particularized and objective basis for suspecting legal wrongdoing."[1] Officer Ruark possessed specific knowledge of articulable facts that justified the stop. The length of time the van stayed in the driveway was inconsistent with newspaper deliveries. The time of day was inconsistent with people going to work or to their homes. In an otherwise open turnout, the van was maneuvered to park parallel to the mailboxes. There had been at least one recent report of mail theft in the area. Further, after the patrol car pulled in behind the van, the driver's conduct, the rocking of the van, and the flashing of the brake lights also supported the stop.

Phillips' contention that each of the factors can be ascribed to innocent conduct does not change the result because the test is whether "taken together, they warranted further investigation."[2] They clearly did.

### B. *Scope of the Stop*

The district court correctly denied Phillips' motion to suppress all physical evidence taken from the van on February 16, 2001, and all statements made by Phillips to police on the same morning. "[A]n

officer must initially restrict the questions he asks during a stop to those that are reasonably related to the justification for the stop."[3] At the time Ruark mentioned drugs, he had not dispelled his original suspicion for the stop. In fact, his suspicion had only heightened since the stop. Unless the unrelated line of questioning would detain the suspects longer than necessary to dispel the original suspicion warranting the stop, the officer is not impermissibly expanding the scope of the stop.[4] None of the explanations given by the suspects accounted for the presence of the van near the mailboxes, or the passenger side window being rolled down in fairly cold weather, or the mailbox doors being open. Thus, the questioning would have continued for the same period of time with or without the brief drug question. Accordingly, Ruark did not impermissibly expand the scope of questioning.

### C. *Probable Cause*

Phillips lacks standing to challenge the search of the van.[5] Phillips had the burden of presenting facts to establish her standing.[6] The record shows that Phillips was a passenger in a van she neither owned nor drove. Passengers have "no reasonable expectation of privacy in a car

---

1. *United States v. Arvizu*, 534 U.S. 266, ——, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002) (internal quotation marks and citations omitted).

2. *Id.* at 751 (internal quotation marks and citations omitted).

3. *United States v. Chavez–Valenzuela*, 268 F.3d 719, 724 (9th Cir.2001) (reviewing this question under the de novo standard), *amended by* 279 F.3d 1062 (9th Cir.2002).

4. *See United States v. Torres–Sanchez*, 83 F.3d 1123, 1128 (9th Cir.1996) (holding that broader questioning and continued detention were justified where the defendants' answers

"failed to dispel [the officer's] suspicions about illegal activity and actually created new ones").

5. Although the United States did not raise standing in the district court, this court must consider jurisdictional issues even when the parties do not raise them. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir.1999).

6. *Schmier v. United States Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 820 (9th Cir.2002).

that would permit [a] Fourth Amendment challenge to a search of the car." [7]

AFFIRMED.

---

7. *United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir.2000) (internal quotation marks and citations omitted). This court reviews de novo the question of whether an officer had reasonable suspicion to stop a vehicle. *Id.*

