**John O. BROOKS, dba John Brooks Realty, Plaintiff—Appellant,**

v.

**GOLDEN FEATHER REALTY SERVICES, INC., Defendant— Appellee.**

Nos. 02–15719, 02–16789.
D.C. No. CV–02–00268–FCD.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 13, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM**

John O. Brooks appeals pro se the district court's judgment dismissing his action alleging that Golden Feather Realty Services, Inc. ("Golden Feather") violated certain rules and regulations promulgated by the Department of Housing and Urban Development ("HUD"), and the Administrative Procedure Act ("APA"), by prohibiting real estate brokers, including Brooks, from conducting open houses in HUD homes. We have jurisdiction under 28 U.S.C. § 1291. After de novo review,

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Schmier v. U.S. Ct. of Appeals for the Ninth Circuit,* 279 F.3d 817, 824 (9th Cir. 2002), we affirm.

■ Brooks's contention that Golden Feather violated HUD Property Disposition Handbook, Directive No. 4310.5 REV–2, by prohibiting open houses is without merit. The Directive provides only that real estate brokers "may request permission to hold an open house on any property available for sale," not that the brokers are entitled to conduct such open houses, and HUD Notice H 99–4 did not modify this provision. Similarly, the district court properly concluded that Golden Feather's decision to prohibit open houses did not violate 24 C.F.R. pt. 291, because those regulations do not confer any right on real estate brokers to conduct such open houses.

■ The district court properly dismissed Brooks's claim that Golden Feather violated the rule-making provisions of the APA, because the APA governs only federal agencies. *See* 5 U.S.C. § 553; *id.* § 551(1) (defining an agency as "each authority of the Government of the United States").

The district court did not abuse its discretion in denying Brooks's motion for relief from the judgment because Brooks failed to demonstrate that the evidence his counsel allegedly omitted from the opposition to dismissal would have altered the district court's decision to dismiss. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 211–12 (9th Cir.1987). Furthermore, the district court did not err in denying the motion before Brooks had filed a reply brief. *See City of Los Angeles, Harbor Div. v. Santa Monica*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*Baykeeper,* 254 F.3d 882, 888 (9th Cir. 2001).

Contrary to Brooks's contention on appeal, he was not entitled to a jury trial. *See Etalook v. Exxon Pipeline Co.,* 831 F.2d 1440, 1447 (9th Cir.1987).

We deny Brooks's motions for judicial notice.

**AFFIRMED.**