**Marshall Kenneth FLOWERS, Plaintiff—Appellant,**

v.

**SECRETARY OF THE U.S. DEPARTMENT OF THE TREASURY; et al., Defendants—Appellees.**

**No. 03–16247.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 30, 2004.

Marshall Kenneth Flowers, Honolulu, HI, pro se.

Theodore G. Meeker, Spec. AUSA, Office of the U.S. Attorney, Honolulu, HI, for Defendants–Appellees.

Before: B. FLETCHER, WARDLAW, and BEA, Circuit Judges.

MEMORANDUM **

Marshall Kenneth Flowers appeals pro se the district court's order granting the Government's Rule 12(b)(1) motion to dismiss Flowers's contract action for lack of subject matter jurisdiction, as well as its denial of his motion to amend his complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo a district court's determination that it lacks subject matter jurisdiction" and "review for clear error the district court's findings of fact relevant to [that] determination." *H2O Houseboat Vacations Inc. v. Hernandez,* 103 F.3d 914, 916 (9th Cir.1996). We review the district court's denial of Flowers's motion for leave to amend for an abuse of discretion. *Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir.2002). We affirm.

Flowers sought to compel the Government to reissue certain savings bonds that Flowers had purchased and registered in the names of Flowers's daughters, Tameca and Letina.

The district court properly determined that it lacked jurisdiction to hear Flowers's claim for the single savings bond in issue that was worth more than $10,000, since the United States Court of Federal Claims

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

has exclusive jurisdiction over such claims. *See* 28 U.S.C. §§ 1491(a)(1), 1346(a)(2); *E. Enters. v. Apfel,* 524 U.S. 498, 520, 118 S.Ct. 2131, 141 L.Ed.2d 451 (1998).

Furthermore, the district court did not clearly err in its finding that Tameca and Letina owned and had redeemed the remaining savings bonds. *See United States v. Tank,* 200 F.3d 627, 630 (9th Cir.2000); Fed.R.Evid. 803(6). Flowers failed to rebut the Government's evidence, and Flowers failed to demonstrate any other basis for subject matter jurisdiction.

The district court therefore properly dismissed the action because Flowers lacked standing, *see Schmier v. United States Ct. of Appeals for the Ninth Circuit,* 279 F.3d 817, 820–21 (9th Cir.2002), since all of the savings bonds had been registered in his daughters' names. *See* 31 C.F.R. § 353.5(a) ("Registration is conclusive of ownership."); *Free v. Bland,* 369 U.S. 663, 669–70, 82 S.Ct. 1089, 8 L.Ed.2d 180 (1962) (holding that rights to government bonds are determined by federal law).

Finally, contrary to Flowers's contention, the district court did not abuse its discretion in denying his oral motion to amend the complaint because the court properly concluded that the "proposed amended complaint would not cure the jurisdictional defects." *See Gompper,* 298 F.3d at 898.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.