**Glenn D. FERREN, and all others similarly situated, Plaintiff—Appellant,**

v.

**Gale A. NORTON, Secretary of United States Department of the Interior; et al., Defendants—Appellees.**

No. 03–35811.

D.C. No. CV–02–00050–H–CCL.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.*

Decided April 7, 2005.

Glenn D. Ferren, Superior, MT, pro se.

Lori Harper Suek, Esq., USGF—Office of the U.S. Attorney, Great Falls, MT, Susan R. Oxford, Esq., EEOC–OSC/Appellate Services, Joshua Waldman, Esq.,

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

DOJ—U.S. Department of Justice, Office of the Associate Attorney General, Marleigh Dover, Esq., DOJ—U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Defendants—Appellees.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Glenn D. Ferren appeals pro se the district court's judgment dismissing his Title VII and 42 U.S.C. § 1983 action against the Department of the Interior ("DOI") and the Equal Employment Opportunity Commission. We review de novo a district court's dismissal for lack of standing, construing all material allegations in favor of the plaintiff. *Schmier v. United States Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 820 (9th Cir.2002). We affirm.

The district court did not err in holding that Ferren failed to establish standing because Ferren is no longer employed by the DOI, and therefore has no personal stake in the declarative and injunctive relief he seeks. *See Scott v. Pasadena Unified School District*, 306 F.3d 646, 656 (9th Cir.2002) ("A plaintiff may allege a future injury in order to comply with [the standing] requirement, but only if he or she is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury is both real and immediate, not conjectural or hypothetical." (internal quotation marks and citations omitted)). Ferren cannot cure this deficiency by contending that the personnel directive will discriminate against all present and future employees of the DOI, because he can only plead on behalf of himself, not others. *See Schmier*, 279 F.3d at 821–22 (finding no standing where plaintiff did not allege a violation of a right personal to himself, but rather a violation of others' rights).

Similarly, the district court properly held that Ferren could not bring this suit as a class action because pro se plaintiffs do not have the authority to appear on behalf of others. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987).

Ferren's remaining contentions lack merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.