Patricia WEISSLEADER,
Plaintiff—Appellant,

v.

Laurence R. LERNER;  et al.,
Defendants—Appellees.

No. 03–56679.
D.C. No. CV–03–00588–AHS.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.*

Decided April 11, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Patricia Weissleader, Desert Hot Springs, CA, pro se.

Francisco Tirado Silva, Lerner, Moore & Mammano, San Bernardino, CA, Nancy T. Yamada, Sacramento, CA, for Defendants–Appellees.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

## MEMORANDUM**

Patricia Weissleader appeals pro se the district court's dismissal with prejudice of her action against her former attorney, Laurence Lerner, the State Compensation Insurance Fund, the California State Employees Association, and the State of California. Weissleader alleged fraud and conspiracy among defendants during the course of workers' compensation proceedings that took place between 1980 and 1982. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal for lack of subject matter jurisdiction, *Botsford v. Blue Cross & Blue Shield of Montana, Inc.*, 314 F.3d 390, 392 (9th Cir.2002), and denial of leave to amend, *Schmier v. U.S. Ct. of Appeals for the Ninth Cir.*, 279 F.3d 817, 824 (9th Cir. 2002). We affirm.

The district court properly dismissed Weissleader's action for failure to state a claim and lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b). Weissleader's 42 U.S.C. § 1983 claim failed because she did not allege facts showing that any defendant was a person acting under color of state law. *See Hale v. State of Ariz.*, 993 F.2d 1387, 1398 (9th Cir.1993) (en banc). Her 42 U.S.C. § 1985(3) claim failed because she did not allege facts showing class-based invidious discrimination. *See Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Her unlawful employment practice claim failed because she did not allege facts showing discrimination on the basis of her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2. Because these claims failed, Weissleader's reliance on other related federal statutes was unavailing. *See* 42 U.S.C. §§ 1981a, 1986; *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.1988).

The district court properly denied leave to amend because Weissleader had previously amended and further amendment would be futile. *See Schmier*, 279 F.3d at 824. Weissleader contends that the district court failed to consider her objections to the magistrate judge's report and recommendation prior to dismissing her action. This contention fails because the district court's order specifically states that it reviewed her objections prior to dismissal. Weissleader also contends that the district court impermissibly reviewed only the first amended complaint. This contention fails because "[i]t is the law of this circuit that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint."

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir.1997).

 Weissleader contends that the district court improperly held her to a strict standard of legal technicality and failed to appoint counsel sua sponte. This contention fails because the magistrate judge's recommendations applied a liberal pro se standard and Weissleader made no showing that she was incompetent or that she requested counsel. Further, she had no right to effective assistance of counsel. *See Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir.1985).

Weissleader's remaining contentions also lack merit.

**AFFIRMED.**