Patricia WEISSLEADER,
Plaintiff—Appellant,

v.

AMERICAN KENNEL CLUB; et
al., Defendants—Appellees.

No. 04–55038.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.*

Decided April 11, 2005.

Patricia Weissleader, Desert Hot Springs, CA, pro se.

Charmaine Hilton Buehner, Klinedinst Law Offices, Jules Zeman, Esq., J. Alan Warfield, Esq., Kevin M. Osterberg, Esq., Haight, Brown & Bonesteel, LLP, Los Angeles, CA, Erik Gunderson, Esq., Gunderson, Schlichter, Shonack & Handel, Manhattan Beach, CA, Deirdre C. Gallagher, Fox Galvin, LLC, St. Louis, MO, Rene Wheeler, Woodburn, OR, Kenneth Kreeble, Esq., L. Alexandra Fong, Lewis Brisbois Bisgaard & Smith, San Bernardino, CA, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Patricia Weissleader, a breeder of Xoloitzcuintli dogs ("Xolos"), appeals pro se the district court's dismissal of her action alleging that the American Kennel Club, Foundation Stock Service, Xoloitzcuintli Club of America, and the County of Riverside, conspired to prevent Weissleader's Xolos from being registered as purebred dogs and enjoying equal access to various purebred canine activities. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal for lack of subject matter jurisdiction, *Botsford v. Blue Cross & Blue Shield of Montana, Inc.*, 314 F.3d 390, 392 (9th Cir.2002), and denial of leave to amend, *Schmier v. U.S.Ct. of Appeals for the Ninth Cir.*, 279 F.3d 817, 824 (9th Cir.2002). We affirm.

The district court properly dismissed Weissleader's action for failure to state a claim and lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b). Weissleader's 42 U.S.C. § 1985(3) claim failed because she did not allege facts showing class-based invidious discrimination. *See Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). She appears to concede that her 42 U.S.C. § 1981(a) claim failed because she did not allege class-based discrimination. *See Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1180 (9th Cir.1998). Her Racketeer Influenced and Corrupt Organizations Act ("RICO") claim failed because the only incidents she alleged that could conceivably constitute racketeering activity as defined by 18 U.S.C. § 1961(1) were time-barred. *See Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir.2001). Further, her allegation that her Elephant Dog Modoc Jack was prevented from winning a show did not constitute a sufficiently "direct, tangible, and concrete financial loss[ ]." *Guerrero v. Gates*, 357 F.3d 911, 920 (9th Cir.2004). Because Weissleader failed properly to plead a RICO violation, it is not necessary to consider her conspiracy claims. *See Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 619 n. 1 (9th Cir.2004). Weissleader's other Title 18 claims failed because they neither offer a private right of action, *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980), nor provide a basis for RICO liability, *see* 18 U.S.C. § 1961(1)(B).

The district court properly denied leave to amend because Weissleader had previously amended without curing the deficiencies in the complaint and further amendment would be futile. *See Schmier*, 279 F.3d at 824.

Weissleader's remaining contentions lack merit.

We deny the County's motion to dismiss as moot.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.