**Robert W. COPPLE; et al., Plaintiffs—Appellants,**

v.

**ASTRELLA & RICE, PC; et al., Defendants—Appellees.**

**Joseph Wood, Appellant,**

v.

**Astrella & Rice, P.C.; et al., Defendants—Appellees.**

Nos. 06–16635, 06–16762.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 2008.

Filed June 2, 2008.

**676**

Joseph Wood, Esq., Lindley and Wood, San Francisco, CA, for Appellant.

Ethan P. Schulman, Esq., Howard Rice Nemerovski Canady Falk & Rabkin A Professional Corporation, San Francisco, CA, for Defendants–Appellees.

Before: HUG, KLEINFELD, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Robert Copple appeals the dismissal of his action with prejudice for failure to state a claim for relief under 42 U.S.C. § 1983. Joseph Wood appeals the district court's imposition of Rule 11 sanctions against him. We affirm both rulings.

Copple had standing to bring his claim. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit,* 279 F.3d 817, 820–21 (9th Cir.2002). Dismissal was appropriate, however, because Copple's claim is barred by the *Rooker–Feldman* doctrine. *See Dist. Of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). *See also Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139–41 (9th Cir.2004). Copple's conspiracy allegations necessarily challenged the state trial court's determination of state law regarding attorneys fees. The district court properly dismissed Copple's remaining claims because no due process or other constitutional violation are sufficiently pleaded.

The district court's dismissal without leave to amend was also proper. Copple could provide no evidence that the judge and defendants had a secret meeting where the judge agreed to sign the proposed order, only that the defendants circulated a proposed order that the judge signed. Attorneys ordinarily and properly serve and submit proposed forms of orders both under California court rules and in federal court, *see* CAL. R. CT. 3.1113(n); CAL. R. CT. 3.1312, for judges' consideration, approval, alteration, or rejection. Therefore, amendment would have been futile, and Copple's claim should have been dismissed with prejudice.

It was not an abuse of discretion for the district court to impose Rule 11 sanctions on Wood. Wood did not conduct a pre-filing investigation and filed the complaint without any evidence of a violation of law for which the district court could grant relief. *See, e.g., Holgate v. Baldwin,* 425 F.3d 671, 675–77 (9th Cir.2005); *W. Coast Theater Corp. v. City of Portland,* 897 F.2d 1519, 1527 (9th Cir.1990).

The district court's judgment is AFFIRMED.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.