**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE A. MCKRAY; et al., | No. 09-15121 |
| Plaintiffs - Appellants, | D.C. No. 3:08-cv-04079-SI |
| v. | |
| CALIFORNIA SUPREME COURT; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

George A. McKray and Anthony Lamperti appeal pro se from the district

court's judgment dismissing their action alleging violations of their federal

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).  Accordingly, appellants'
request for oral argument is denied.

constitutional rights in connection with unpublished decisions by the California Courts of Appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (reviewing dismissal under the *Rooker-Feldman* doctrine); *Schmier v. U.S. Ct. of App. for the Ninth Cir.*, 279 F.3d 817, 820 (9th Cir. 2002) (reviewing questions of standing). We affirm.

The district court properly dismissed as barred by the *Rooker-Feldman* doctrine the claims that sought review and remand of final California Courts of Appeal decisions. *See Noel*, 341 F.3d at 1164 ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court.").

The district court properly dismissed for lack of standing the remaining claims challenging a court rule regarding unpublished decisions. *See Schmier*, 279 F.3d at 820-21 (stating that a plaintiff must allege an injury capable of redress to establish standing).

Appellants' remaining contentions are unpersuasive.

Appellants' request to submit further briefing is denied.

**AFFIRMED.**

2