**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUNG HYUN CHO; et al., | No. 18-16719 |
| Plaintiffs-Appellants, | D.C. No. 2:17-cv-01073-CKD |
| v. | |
| SELECT PORTFOLIO SERVICING, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding**

Submitted April 7, 2020***

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Jung Hyun Cho, Kyu Hwang Cho, Eun Sook Cho, and Eui Hyun Cho appeal

pro se from the district court's judgment dismissing their action alleging federal

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and state law claims arising out of completed foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1040 (9th Cir. 2011). We may affirm on any ground supported by the record. *Gordon v. Virtumundo, Inc*., 575 F.3d 1040, 1047 (9th Cir. 2009). We affirm.

The district court properly dismissed Jung Hyun Cho's False Claims Act ("FCA") claim because Cho did not bring this action on behalf of the United States government. *See* 31 U.S.C. § 3730(b) (a private citizen can bring an action under the FCA, but only "in the name of the Government"); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055-56 (9th Cir. 2011) (elements of a FCA claim and explaining the nature of a "reverse false claim").

The district court properly dismissed Jung Hyun Cho's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim because Cho failed to allege facts sufficient to show a pattern of racketeering activity required to state a claim for violations of, or conspiracy to violate, RICO. *See Sanford v. MemberWorks, In*c., 625 F.3d 550, 557, 559 (9th Cir. 2010) (listing elements of a RICO claim under 18 U.S.C. § 1962(c) and explaining that to plead a RICO conspiracy claim under § 1962(d), the plaintiff must first adequately plead a substantive violation of RICO).

18-16719

Dismissal of Jung Hyun Cho's Home Affordable Modification Program ("HAMP") claim was proper on the ground of issue preclusion because this issue was already litigated and resolved in a prior state court action. *See Cook v. Harding*, 879 F.3d 1035, 104-42 (9th Cir. 2018) (elements of issue preclusion under California law).

The district court properly dismissed plaintiffs' claims under the Fair Housing Act ("FHA") because plaintiffs failed to allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (elements of a FHA claim).

The district court properly dismissed Jung Hyun Cho's state law fraud claim arising from the denial of his loan modification application because Cho failed to allege facts sufficient to state a plausible claim for relief. *See Lazar v. Superior Court*, 909 P.2d 981, 984-85, 988 (Cal. 1996) (setting forth elements of promissory fraud and explaining that one of the essential elements of the claim is detrimental reliance on a false representation); *see also Hebbe*, 627 F.3d at 341-42.

The district court properly dismissed all claims other than the FHA claim brought by plaintiffs Kyu Hwang Cho, Eun Sook Cho, and Eui Hyun Cho for lack of standing because they were not signatories to the loans at issue. *See Lopez v.*

*Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (elements of Article III standing); *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (dismissal with prejudice on standing was appropriate because appellant "could not have possibly amended his complaint to allege an [Article III] injury in fact").

The district court properly dismissed any claims against Solano County for lack of jurisdiction under the Tax Injunction Act. *See* 28 U.S.C. § 1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.").

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (setting forth standard of review and explaining that futility is a basis for denying leave to amend).

We reject as meritless plaintiffs' contentions that the district court exhibited hostility towards them and did not consider their motions to amend.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

18-16719

This case has been administratively closed as to appellee WMC Mortgage LLC. *See* Docket Entry No. 81. We therefore do not reach plaintiffs' contentions regarding dismissal of their claims against WMC Mortgage LLC.

**AFFIRMED.**