**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:  CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST, INC.,

_____

CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST, INC.,

              Petitioner,

   v.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII,

              Respondent.

No.    23-70023

MEMORANDUM*

Petition for Writ of Mandamus

Argued and Submitted February 15, 2024
Honolulu, Hawaii

Before:  PAEZ, M. SMITH, and KOH, Circuit Judges.

Civil Beat Law Center for the Public Interest, Inc. (Civil Beat) petitions the

court for a writ of mandamus.  Civil Beat requests that the court invalidate portions

of the United States District Court for the District of Hawaii's Criminal Local Rule

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

5.2, which requires automatic filing under seal for specific categories of documents. We assume the parties' familiarity with the facts, so do not recount them here. Because Civil Beat lacks standing to file this petition, we dismiss the case for lack of jurisdiction.

1. Civil Beat does not meet Article III's injury-in-fact requirement. Parties must have standing to petition this court for a writ of mandamus. *See United States v. Mindel*, 80 F.3d 394, 398 (9th Cir. 1996); *United States v. Sherman*, 581 F.2d 1358, 1360–61 (9th Cir. 1978). Civil Beat bears the burden of establishing standing because it is the party invoking federal jurisdiction. *See Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010). To meet the constitutional minimum of standing, a party must have, *inter alia*, suffered an "'injury in fact,' which is an actual or imminent invasion of a legally protected, concrete, and particularized interest." *United States v. Kovall*, 857 F.3d 1060, 1065 (9th Cir. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

Because Civil Beat did not file this petition as a result of being denied access to a particular document in a particular case, nothing in the briefing or record[1] before us allows us to conclude that Civil Beat established it has suffered any legally protected, concrete, and particularized interest. *Cf. United States v. Guerrero*, 693 F.3d 990, 998–99 (9th Cir. 2012) ("Third parties challenging *orders*

---

[1] Neither party supplemented its briefing with a record.

2

denying public access to proceedings or documents do not have standing to appeal directly . . . [but] they may petition this Court for a writ of mandamus." (emphasis added)); *United States v. Brooklier*, 685 F.2d 1162, 1165 (9th Cir. 1982).

2. We deny Civil Beat leave to amend the petition and supplement the record. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (affirming decision to deny leave to amend where plaintiff could not possibly have alleged injury in fact).

**DISMISSED.**